# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIX TECHNOLOGY CO. LTD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KENJI YOSHIDA,<br><br>　　　　Defendant. | Case No. 12cv380-CAB (DHB)<br><br>**ORDER REGARDING DISCLOSURE OF SEALED DOCUMENTS** |

Currently pending before the Court is a Joint Motion for Determination of Discovery Dispute. (*See* ECF No. 73.) On April 25, 2014, the Court directed Defendant to file supplemental briefing, and thereafter Defendant sought to file its briefing under seal. On May 9, 2014, the Court granted the parties Joint Motion to File Defendants' Supplemental Brief and the Declaration of Scott M. Daniels under seal, and on May 16, 2014, granted the parties Joint Motion to File the Declaration of Ken-Ichi Hattori under seal (collectively the "Sealed Documents"). (ECF Nos. 79 and 87.)

During the May 16, 2014, discovery hearing Plaintiff's counsel sought clarification regarding the scope of the orders sealing the documents. Specifically, Plaintiff's counsel requested that he be permitted to share the contents of the Sealed Documents with Plaintiff. Defense counsel objected, and the Court permitted the parties to brief the issue. Both Plaintiff and Defendants have filed supplemental briefing regarding disclosure of the Sealed Documents. (*See* ECF Nos. 93, 94.)

The Sealed Documents contain portions of the "engagement letter" between Defendants and their counsel at Westerman, Hattori, Daniels & Adrian LLP ("WHDA"). Defendants argue it is not necessary for Plaintiff to view the sealed content of the engagement letter, and that a general characterization of the nature of the engagement between Defendants and WHDA should suffice. Defendants also contend the Sealed Documents implicate Defendants' financial posture in this litigation and therefore, disclosure would prejudice Defendants. Plaintiff's counsel contends that Plaintiff must be permitted to access the Sealed Documents in order for counsel to adequately advise Plaintiff on the ultimate issue underlying the parties' discovery dispute, and to meaningfully meet and confer with Defendants. Plaintiff further contends the Sealed Documents were not designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" ("COCO") under the Protective Order, and should not be treated as such.

The Court has considered the parties supplemental briefs, and finds that it is appropriate for Plaintiff's counsel to share the Sealed Documents with Plaintiff. First, the Court notes that when the parties requested the documents be filed under seal, Defendants only indicated that the documents were "confidential" under section 16 of the Protective Order, and not COCO. (ECF Nos. 77 and 84.) Therefore, the sealing orders protect the documents from *public* disclosure.[1] Second, the Court finds the sealed portions of the engagement letter do not fall within the scope of the COCO designation under the Protective Order. The COCO designation is intended to protect a party's "most sensitive" information, including "trade secret or other confidential research, development, financial, or other highly sensitive commercial or business information and/or Materials." (ECF No. 56 at 4.) Here, the Sealed Documents describe the legal services WHDA will provide to Defendants, which attorneys will

---

[1] The cases cited by Defendants discussing when documents should be sealed or unsealed are not applicable to the issue before the Court. Here, Plaintiff has not requested that the documents be unsealed, but rather has sought clarification regarding the scope of the Court's sealing orders, and whether Plaintiff's counsel may share the Sealed Documents with his client.

provide those services, and how WHDA will be compensated. The Court does not find that this information constitutes financial, or highly sensitive commercial or business information of Defendants. Finally, the Court notes that the engagement letter is not privileged. "The Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine." *Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC*, 2009 WL 3857425, at *2 (S.D. Cal. Nov. 4, 2009) (citing *Ralls v. United States*, 52 F.3d 223, 225 (1995). "Communications between attorney and client that concern the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." *Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 654 (D. Idaho Feb. 27, 2008) (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).

Accordingly, IT IS HEREBY ORDERED that the Sealed Documents shall be deemed "Confidential" under the Protective Order. Therefore, Plaintiff's Counsel is permitted to disclose the Sealed Documents to Plaintiff Sonix Technology Co. Ltd, under the terms of the Protective Order that apply to documents designated as "Confidential."

**IT IS SO ORDERED.**

DATED: May 22, 2014

DAVID H. BARTICK
United States Magistrate Judge